IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
UNITED STATES OF AMERICA      *
                              *
         v.                   *    CR 606-026-16
                              *
RAMON ANTONIO KELLY           *
```

## O R D E R

In the captioned criminal matter, Defendant Ramon Antonio Kelly moves to join in a motion filed by a co-defendant, Mistrell Alvin, in this criminal case. The subject motion, in the form of a "Request to Take Judicial Notice and Request to Re-Open Case Sua Sponte" (doc. 1623), involves a claim that the Government perpetrated a fraud on the Court by attributing a drug quantity to defendants in this case that was also attributed to other individuals in another federal criminal case.

Kelly's attempt to adopt another defendant's motion is not procedurally appropriate in post-conviction proceedings. The reason becomes readily apparent in this case in that the Court has ruled that it does not have jurisdiction over Mistrell Alvin's motion because it is a second or successive petition under 28 U.S.C. § 2255. Kelly, on the other hand, has never filed a § 2255 motion and therefore is not subject to the same jurisdictional problem.

In any event, the subject motion attacking the legality of Kelly's conviction based upon an alleged fraud upon the Court is only appropriate through a motion to vacate, set aside, or correct a sentence under § 2255.[1]  As stated, Kelly has never filed a § 2255 motion, and his current motion to join does not reference § 2255 in any way.  The Court is not inclined to construe his motion as a § 2255 motion in its present posture, especially where the motion has not been particularized toward Kelly himself.  Rather, to pursue any post-conviction claim such as this, Kelly should file an appropriate motion on the standard form for § 2255 motions.[2]

Upon the foregoing, Kelly's motion to join in his co-defendant's motion (doc. 1628) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Otherwise, a district court cannot modify a sentence once it has been imposed except under three very limited circumstances, none of which apply here.  See 18 U.S.C. § 3582(c).

[2] The Clerk is directed to attach the § 2255 standard form to the service copy of this Order.  Kelly is forewarned, however, that his § 2255 filing will be subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.