# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| RAMON ANTONIO KELLY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-128 |
| | ) | CR606-026 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

After pleading guilty to distribution of a controlled substance, CR606-026, docs. 911 (plea agreement), 660 (judgment for 188 months' imprisonment), Ramon Antonio Kelly took no appeal but now moves under 28 U.S.C. § 2255 to reduce his sentence in light of a November 1, 2015 amendment to the Sentencing Guidelines' "mitigating role" adjustment. *See* doc. 1658; U.S.S.G. § 3B1.2. Preliminary § 2255 review Rule 4 shows that his motion must be **DENIED** both as untimely and on the merits.

The Court entered judgment against movant on December 11, 2007, doc. 660, and § 2255(f)[1] gave him one year from the date his conviction became final to seek § 2255 relief. He failed to file a timely appeal,[2] so his conviction became final and § 2255(f)'s one-year clock began to tick on December 25, 2007. He did not file the present § 2255 motion, however, until September 16, 2016, which is nearly nine years too late. Doc. 1658. Kelly offers no explanation for the delay.[3] Hence, his motion is time-barred unless he can show an exception, like a new rule of law retroactively available to him. *See* 28 U.S.C. § 2255(f).

---

[1] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[2] *See* Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment); *see also* doc. 1658 at 2-3 (admitting he did not appeal his conviction).

[3] "The statute of limitations can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008) (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)).

Even were Kelly's claim not time-barred, it would still be denied because nothing in Amendment 794 entitles him to resentencing. That amendment merely "clarified the factors to consider for a minor-role adjustment" -- it did not substantively change § 3B1.2. *United States v. Casas*, 632 Fed. App'x 1003, 1004 (11th Cir. 2015); *Sapp v. United States*, 2016 WL 4744159 at *1 (S.D. Ga. Sept. 12, 2016); *see also United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016) (Amendment 794 may be applied retroactively on *direct appeals*). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended only as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies").

"The threshold inquiry," therefore, "is whether [Kelly's] claim that his sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). *See, e.g., Jacobs v. United States*, 2016 WL 4183312 at * 1 (S.D. Ga. Aug. 5, 2016); *Knight v. United States*, 2016 WL 4082701 (S.D. Ga. Jul. 29, 2016). *Burke* confirms that § 2255 relief is not

3

available to Kelly. In both cases, the movants did not appeal. *Burke*, 152 F.3d at 1331. After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners moved under § 2255 to modify their sentences based on the change. *Id.* Yet because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Id.* (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

"Insofar as amendment [794] is a clarifying amendment effecting no change in the substantive law," Kelly "was afforded the opportunity to" challenge the denial of a minor role adjustment "at his original sentencing and on direct appeal." *Id.* at 1332. He never did.[4] The record also does not reflect any objection to the Guidelines sentence calculation. "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was

---

[4] After he pled guilty to a drug conspiracy, the Court sentenced Kelly to 188 months' imprisonment. Doc. 660 at 1-2. He never appealed, and nothing in the record reveals an objection to his Guidelines sentence calculation.

4

fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id*.

Accordingly, Kelly's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

**SO REPORTED AND RECOMMENDED,** this  27th  day of September, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA